STATE BOARD OF TAX APPEALS.

IN THE MATTER OF THE PETITION OF JOHN MANEELY COMPANY (A DELAWARE CORPORATION), FOR RE-VIEW OF ASSESSMENT OF FRANCHISE TAX FOR YEARS 1939, 1940 AND 1941.

Decided June 29, 1943.

For the petitioner, *Joseph Beck Tyler.*

For the state, *John Solan.*

WAESCHE, President.   Petitioner, a Delaware corporation, appeals from the assessment by the State Tax Commissioner of franchise taxes for the years 1939, 1940 and 1941, assessed in accordance with the provisions of *R. S.* 54:32A–8; *N. J. S. A.* 54:32A–8.   The three petitions, involving the same questions of fact and law, were heard together and are decided together.

The testimony discloses that the petitioner was incorporated in 1933; that it was and is still chiefly engaged in the sale and distribution of pipe, and that for this purpose it acquired a large warehouse and garage in North Bergen, New Jersey; that in 1936 it closed its office and warehouse in New Jersey, moved the pipe stored therein to Philadelphia, Pennsylvania, and ceased carrying on this business in New Jersey.   It sold the warehouse in 1937, but retained ownership of the garage and considerable vacant land adjoining the warehouse.   These properties were purchased and paid for by the issuance of corporate stock on the part of petitioner.   The garage is presently rented by a rubber manufacturer.   In addition to these properties, petitioner owns a

very large building in Jersey City known as the Barron Building, together with adjoining land and some houses erected thereon. This building was never used by it in connection with the sale and distribution of pipe, but since its acquisition has been rented to the Lambert Pharmacal Company and other tenants. It also owns a piece of vacant ground at Newark Bay, some of which is apparently rented. Although the building never was used in the sale and distribution of pipe, it was likewise paid for by issuance on the part of petitioner of corporate stock to the prior owner, who was one of the founders of the petitioner company.

Petitioner offered evidence that it had not sold, or attempted to sell, any pipe in New Jersey since 1936; that it had entered into no contracts in this state, other than contracts for the repair and maintenance of its property situate therein; that all of its leases were executed and its rents payable at its Philadelphia office, all for the purpose of showing that it had abandoned doing business in New Jersey.

The contention that petitioner is not doing business in the State of New Jersey and not exercising its franchises within this state, and is therefore subject only to the minimum annual tax of $25, is not supported by the provisions of its corporate charter. Petitioner is by its charter specifically authorized to acquire by purchase or lease and to hold, use, sell, deal in or otherwise turn into account any real estate or buildings and in addition its charter contains these provisions:

"With a view to the working and development of the properties of the Corporation, and to effectuate, directly or indirectly, its objects and purposes, or any of them, the Corporation may, in the discretion of the Directors, from time to time carry on any other lawful business, manufacturing or otherwise, to any extent and in any manner not unlawful."

The case, as disclosed by the entire record, is found by the Board to be this: Petitioner is chiefly engaged in the sale and distribution of pipe. It has also been engaged from the date of its incorporation in the operation and leasing of New Jersey real estate. This Board determines, as that por-

tion of the evidence discloses, that the Barron Building was never used by petitioner in connection with the sale of pipe and was never intended to be, but that the gross rentals from this enterprise approximate $50,000 per annum. Certainly, in view of the size of the annual rentals derived from these fixed assets in New Jersey, it can hardly be stated that petitioner neither does business nor exercises its franchises in the state within the purview of the statute. If petitioner discontinued the pipe business altogether, wherever the same be located, and leased all of its buildings, it could hardly be said that it had ceased doing business or exercising franchises altogether within the meaning of any taxing statute containing those phrases. If its other properties were as valuable as its New Jersey real estate, petitioner might still be a venture of great profit to its stockholders. The argument that petitioner is already paying taxes on its real estate and that this additional tax is inequitable might have some political force with the legislative branch of the government, but the Board is administering legislative policy which has already been fixed.

Petitioner cites *R. S.* 14:15–1; *N. J. S. A.* 14:15–1, whereby, under the General Corporation Act of this state, a foreign corporation has the right to "hold and use for the purposes of the corporation such real estate in this state as may be devised or conveyed to it, * * *." This section merely gives the creature of another sovereignty certain rights which it might not otherwise have in this sovereignty. While it gives a foreign corporation certain powers and rights in our state, this quoted section does not give these creatures of another state any immunity from taxation, nor can it be read to do so.

The assessments are therefore affirmed.